UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| COREY GARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-CV-48-HSM-CHS ) |
| MICHAEL LAUGHTER, WENDY HENSLEY, BRETT COBBLE, DARREN SETTLES, TONY PARKER, (F/N/U) HENRY, JOHN DOE, GREGORY TERPSTRA, LANITA GANN, KARL CAMPBELL, and T. GUETTNER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

This is a pro se prisoner's complaint for violation of 42 U.S.C. 1983 that the United States District Court for the Middle District of Tennessee transferred to this Court after granting Plaintiff leave to proceed *in forma pauperis* and assessing the filing fee [Docs. 4]. This matter is now before the Court for screening pursuant to the Prison Litigation Reform Act.

**I.    SCREENING STANDARD**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

While housed at the Bledsoe County Correctional Complex ("BCCX"), Plaintiff suffered with an ingrown hair and was prescribed Bactrim, an antibiotic, by Nurse Practitioner Lanita Gann [Doc. 1 p. 7]. Plaintiff claims that the medication blistered his penis, and that when he sought medical treatment from Dr. Gregory Terpstra on December 20, 2017, Dr. Terpstra laughed at him and refused to treat him [*Id*. at 5]. Plaintiff asserts that he filed grievances about his medical condition, and later, about the lack of proper handling of grievances, but was essentially ignored by Defendants Michael Laughter, Capt. John Doe, Unit Manager Wendy Hensley, Associate Warden Brett Cobble, Lt. Henry, Darren Settles, and Tony Parker [*Id*. at 4-7].

Plaintiff claims that he also sought medical treatment on January 27, 2018, for a protruding bullet wound, but because it was the weekend, he had to wait in pain until January 30, 2018, for treatment [*Id*. at 7]. Plaintiff claims that Medical Director T. Guettner and Health Administrator Karl Campbell are responsible for failing to properly train medical staff at BCCX to ensure that inmates get proper treatment [*Id*.].

## III. DISCUSSION

### A. Grievances

Michael Laughter, Capt. John Doe, Unit Manager Wendy Hensley, Associate Warden Brett Cobble, Lt. Henry, Darren Settles, and Tony Parker are named as Defendants in this case because of their alleged failure to handle Plaintiff's grievances appropriately [*See* Doc. 1 p. 4-7]. However, inmates have no constitutional right to an effective grievance procedure, nor do they have an interest in having their grievances satisfactorily resolved. *See, e.g., LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). Moreover, none of these Defendants are alleged to be medical providers charged with responding to sick call requests, and "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, Defendants Laughter, John Doe, Hensley, Cobble, Henry, Settles, and Parker will be dismissed, as Plaintiff has failed to state a claim against them upon which relief may be granted.

### B. Medical care

Plaintiff alleges that Defendants Terpstra, Gann, Campbell, and Guettner have violated his constitutional right to adequate medical treatment. The law is well settled that a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). The subjective component of a claim for denial of medical care requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference requires a mental state amounting to criminal recklessness, and mere negligence is insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir.

2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, a plaintiff must establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner;" (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). However, where medical treatment has been provided, an inmate's dispute over the adequacy of that treatment will not state a constitutional claim absent the requisite mental state, even when such treatment amounts to medical malpractice. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citations omitted).

In this case, Plaintiff does not allege that Defendants Campbell or Guettner had any personal involvement in his requests for medical treatment. Because personal involvement in the alleged constitutional wrong is a requirement for supervisory liability to attach, Defendants Campbell and Guettner will be dismissed for Plaintiff's failure to state a claim against them upon which relief may be granted. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Additionally, Defendant Gann provided Plaintiff with medical treatment. The fact that Plaintiff later had an allergic reaction to the treatment is not an allegation sufficient to allow the Court to infer that treatment was chosen and executed with deliberate indifference to Plaintiff's medical needs. Accordingly, Defendant Gann will be dismissed.

Conversely, Plaintiff has stated facts sufficient to allow the Court to infer at this stage of the proceedings that Dr. Gregory Terpstra was deliberately indifferent to his serious medical needs, and the Court will allow Plaintiff's claim against Dr. Terpstra to proceed.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claims against Defendants Laughter, Hensley, Cobble, Settles, Parker, Henry, Jon Doe, Gann, Campbell, and Guettner are **DENIED**, and these Defendants are **DISMISSED WITH PREJUDICE** from this action;

4

2. All claims except Plaintiff's claim that Dr. Terpstra denied him medical treatment are **DISMISSED WITH PREJUDICE**;

3. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Terpstra;

4. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

6. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE